UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL AWRAHA,

   Petitioner,

v.

CASE NO. 2:14-CV-11761
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT COURT

SHIRLEY HARRY,

   Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Daniel Awraha, ("Petitioner"), confined at the Pugsley Correctional Facility in Kingsley, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed pro se, petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84; and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED.**

### I. Background

Petitioner was originally charged with assault with intent to commit murder, assault with intent to do great bodily harm, and felonious assault. Following a bench trial in the Wayne County Circuit Court, petitioner was found guilty of assault with intent to do great bodily harm less than murder and acquitted of the

1

other charges.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See Wagner v. Smith, 581 F. 3d 410, 413 (6th Cir. 2009):

> Defendant was standing at the front counter of a gas station when the victim entered the store. The victim had consumed approximately four beers and at the same counter, asked for a pack of cigarettes. Defendant, however, told the victim "I'm first." The victim responded "go ahead," to which defendant replied, "I'll cut you up." They exchanged more words, and the victim adopted a boxing stance, although he later testified it was in a "comical way."
>
> The victim soon backed away from defendant, observing that defendant had a knife. Defendant then grabbed something out of the cooler and the victim asked if he was still planning on cutting him. Because defendant again had the knife in his hand, the victim grabbed a potato chip rack and swung it, unsuccessfully attempting to knock the knife out of defendant's hand. Defendant then charged the victim, who dropped the rack and fled out of the gas station.
>
> The victim continued to run down the street away from his waiting cab, and defendant followed in close pursuit. Unfortunately for the victim, he stumbled, and defendant caught and attacked him. Defendant stabbed the victim four times, puncturing the victim's diaphragm, lacerating his liver, and severing a nerve in his back, which caused paralysis in his right side. After defendant was arrested and was being processed, he told a police officer: "I stabbed him. He ran like a b———." Defendant was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84, and sentenced as a fourth-habitual offender to 4 to 10 years. Defendant now appeals.

People v. Awraha, No. 309022, * 1 (Mich.Ct.App. May 21, 2013).

Petitioner's conviction was affirmed on appeal. Id., lv. den. 495 Mich. 882, 838 N.W. 2d 692 (2013).

Petitioner seeks a writ of habeas corpus on the following ground:

The trial court erred when it found that the prosecution had disproved beyond a reasonable doubt that Daniel Awraha acted in self-defense.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409.  A federal habeas court may

3

not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" Renico v. Lett, 559 U.S. 766, 773 (2010)(quoting Lindh v. Murphy, 521 U.S. 320, 333, n. 7 (1997); Woodford v. Viscotti, 537 U.S. 19, 24 (2002)(per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 131 S.Ct. 770, 786 (2011)(citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

In addition, promptly after the filing of a petition for habeas corpus, this Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Id., see also Allen v. Perini, 424 F. 2d 134, 141

(6th Cir. 1970)(district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Carson v. Burke, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." Allen, 424 F. 2d at 140. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. Id. at 141.

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's sufficiency of evidence claim is either non-cognizable or meritless, such that the petition must be summarily denied. See Robinson v. Jackson, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005); See also U.S. ex. rel. DeCreti v. Wilson, 967 F. Supp. 303, 305 (N.D. Ill. 1997)(summarily dismissing sufficiency of evidence claim pursuant to Rule 4, where it plainly appeared from the petition and the exhibits that petitioner was not entitled to relief on that claim).

5

III.  Discussion

Petitioner argues that there was insufficient evidence presented by the prosecutor to rebut his self-defense claim.

Petitioner's claim is non-cognizable on habeas review.  Under Michigan law, self-defense is an affirmative defense. See People v. Dupree, 486 Mich. 693, 704, 712; 788 N.W. 2d 399 (2010).  "An affirmative defense, like self-defense, 'admits the crime but seeks to excuse or justify its commission.  It does not negate specific elements of the crime.'" People v. Reese, 491 Mich. 127, 155, n. 76; 815 N.W.2d 85 (2012)(quoting Dupree, 486 Mich. at 704, n. 11). Although under Michigan law the prosecutor is required to disprove a claim of self-defense, See People v. Watts, 61 Mich. App. 309, 311, 232 N.W.2d 396, 398 (1975), "[p]roof of the nonexistence of all affirmative defenses has never been constitutionally required...." See Smith v. United States,133 S. Ct. 714, 719 (2013)(quoting Patterson v. New York, 432 U.S. 197, 210 (1977)).  The Supreme Court and the Court of Appeals for the Sixth Circuit have rejected the argument that the Constitution requires the prosecution to disprove self-defense beyond a reasonable doubt. See Gilmore v. Taylor, 508 U.S. 333, 359 (1993)(Blackmun, J., dissenting)("In those States in which self-defense is an affirmative defense to murder, the Constitution does not require that the prosecution disprove self-defense beyond a reasonable doubt"); Martin v. Ohio, 480 U.S. 228, 233-36 (1987); see also Allen v. Redman, 858 F. 2d 1194, 1197 (6th Cir.1988)(explaining

that habeas review of sufficiency-of-the-evidence claims is limited to elements of the crimes as defined by state law and citing Engle v. Isaac, 456 U.S. 107 (1982), and Duffy v. Foltz, 804 F. 2d 50 (6th Cir. 1986)). Therefore, "the due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." Caldwell v. Russell, 181 F. 3d 731, 740 (6th Cir. 1999). Petitioner does not challenge the sufficiency of the evidence in support of the essential state law elements of assault with intent to do great bodily harm; rather, "he has only faulted the [judge's] refusal to credit his proffered affirmative excuse or justification" for the assault. Id. As such, petitioner's claim that the prosecutor failed to disprove his affirmative defense is non-cognizable on habeas review. Id.; See also Allen v. Redman, 858 F. 2d at 1200.

     Moreover, even if this Court were to determine that petitioner's claim was cognizable, he would not be entitled to habeas relief. It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In Re Winship, 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979).

This inquiry, however, does not require a court to "ask itself whether <u>it</u> believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Id.</u> at 318-19(internal citation and footnote omitted)(emphasis in the original).  The <u>Jackson</u> standard applies to bench trials, as well as to jury trials. See e.g. <u>U.S. v. Bronzino,</u> 598 F. 3d 276, 278 (6th Cir. 2010).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the <u>Jackson</u> standard. See <u>Cavazos v. Smith,</u> 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." <u>Id.</u>  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under <u>Jackson</u> is whether that finding was so insupportable as to fall below the threshold of bare rationality." <u>Coleman v. Johnson</u>, 132 S.Ct. 2060, 2065 (2012).

The Michigan Court of Appeals rejected petitioner's claim:

The prosecution produced sufficient evidence to prove that defendant could not have reasonably believed that the victim posed a threat of imminent harm. A surveillance video and the victim's testimony demonstrated that defendant and the victim were involved in a verbal confrontation. Defendant, however, escalated the confrontation when he produced a knife. The victim backed away from defendant and picked up a display rack, trying to strike the knife from defendant's hand. Defendant then charged the victim with the knife in hand. The victim immediately dropped the display rack and ran out of the gas station. Defendant pursued the victim until he fell, and defendant then stabbed the victim four times.

Viewing this evidence in a light most favorable to the prosecution, a rational fact-finder could have found beyond a reasonable doubt that defendant was the initial aggressor. Based on the victim's testimony, defendant was the first person to issue a threat, telling the victim that he was going to cut him. While the victim adopted a boxing stance, he testified that he did it in a comical way. Defendant also was the first to display a weapon, as the victim clearly testified that he only used the display rack in an effort to remove the knife from defendant's hand and defend himself.

Further, even if the victim was the initial aggressor, defendant's use of force was excessive under these circumstances. After the victim hit defendant with the rack, the victim dropped the rack and fled. Defendant pursued the victim and when the victim stumbled, defendant viciously stabbed him four times. A rational trier of fact could have concluded that when defendant stabbed the victim, he knew that the victim was unarmed, was defenseless on the ground, and was trying to withdraw from the confrontation. As this Court has recognized, "reasonableness depends on what an ordinarily prudent and intelligent person would do on the basis of the perceptions of the actor." At the time defendant stabbed the victim, he could not reasonably have believed that the victim was an imminent threat.

"Moreover, the fact that defendant pursued [the victim] outside belies his claim that he feared for his life." Defendant's argument that he believed the victim was going to return and attack again, possibly with a weapon, is unavailing. There is nothing in the record to support such a belief as reasonable. The victim never threatened to return, dropped the display rack, never suggested that he had any weapons, and, by

9

all appearances, was trying to flee when defendant attacked. Also, a rational fact-finder could have found that defendant's statement to the police officer that he stabbed the victim who "ran like a b——" suggests that rather than fearing the victim would return, defendant was contemptuously pursuing the victim in an effort to harm him. Therefore, we find that the prosecution produced sufficient evidence to disprove defendant's theory of self-defense.

Awraha, Slip. Op. at * 2-3 (internal citations and quotations omitted).

Under Michigan law, one acts lawfully in self-defense if he honestly and reasonably believes that he is in danger of serious bodily harm or death, as judged by the circumstances as they appeared to the defendant at the time of the act. Blanton v. Elo, 186 F. 3d 712, 713, n. 1 (6th Cir. 1999)(citing People v. Heflin, 434 Mich. 482; 456 N.W. 2d 10 (1990)). However, a defendant is not entitled under Michigan law to use any more force than is necessary to defend himself. See People v. Kemp, 202 Mich. App. 318, 322; 508 N.W. 2d 184 (1993). In addition, under Michigan law, before using deadly force in self-defense, a person has a duty to retreat if it is safely possible to do so. See Johnson v. Hofbauer, 159 F. Supp. 2d 582, 602 (E.D. Mich. 2001)(citing People v. Mroue, 111 Mich. App. 759; 315 N.W. 2d 192 (1981)).

The evidence was sufficient for a rational trier of fact to conclude that the prosecutor disproved petitioner's self-defense claim. Although the victim and petitioner engaged in a verbal confrontation, it was petitioner who escalated the confrontation by taking out a knife. The victim picked up a display rack to defend himself by attempting to strike the knife out of petitioner's hand. Petitioner

10

charged the victim while armed with the knife. The victim dropped the display case and ran out of the gas station. Petitioner chased out of the store after the victim until he fell, and then stabbed the victim four times while the victim lay on the ground. The victim's diaphragm was punctured, his liver was cut, and a nerve to his back was severed, causing paralysis on the victim's right side. The victim was unarmed at this point. There was no evidence that petitioner attempted to retreat from or avoid the victim after the initial confrontation. In light of the fact that the victim was unarmed when petitioner stabbed him and petitioner took no steps to retreat or otherwise avoid the victim, a reasonable factfinder could find beyond a reasonable doubt that petitioner did not honestly and/or reasonably fear that he was in imminent danger of death or serious bodily harm from the victim and that he used far more force than necessary to defend himself. See Johnigan v. Elo, 207 F. Supp. 2d 599, 609 (E.D. Mich. 2002). Moreover, the judge could have concluded from the four stab wounds that petitioner used excessive force and thus reasonably rejected petitioner's self-defense claim. See U.S. v. Tilghman, 332 Fed.Appx. 269, 272 (6th Cir. 2009). Therefore, petitioner's claim that his conviction was not supported by constitutionally sufficient evidence because the prosecution failed to disprove his defense of self-defense is without merit. Johnigan, 207 F. Supp. 2d at 610.

## IV. Conclusion

The Court will summarily deny the petition for writ of habeas corpus. The

Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. Id. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

     For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. See Millender v. Adams, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).

     Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed in forma pauperis (IFP) is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate

of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. Foster, 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claim, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed in forma pauperis on appeal. Id.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **SUMMARILY DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to appeal in forma pauperis

                                        s/Marianne O. Battani
                                        **HONORABLE MARIANNE O. BATTANI**
**Dated: May 16, 2014**      **UNITED STATES DISTRICT JUDGE**

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail, and Counsel for the Respondent, electronically.

                                        s/Bernadette M. Thebolt
                                        Case Manager